## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | | |
|---|---|---|
| VIKKI T. MITCHELL<br>3426 Dix Street, N.E.<br>Washington, DC 20019 | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.:_____ |
| DISTRICT OF COLUMBIA<br>(A Municipal Corporation)<br>441 Fourth Street, N.W.<br>Washington, DC 20001 | ) ) ) ) ) ) | JURY DEMANDED |
| Defendant. | ) ) ) | |
| Serve:  Honorable Muriel Bowser,<br>        Mayor of the District of Columbia<br>    c/o Tabitha Braxton, Staff Assistant<br>        Gladys Herring, Executive Assistant; or<br>        Designated Representative<br>    Executive Office of the Mayor<br>    1350 Pennsylvania Avenue, N.W., Suite 316<br>    Washington, DC 20004 | ) ) ) ) ) ) ) ) ) | |
| Serve:  Honorable Karl A. Racine,<br>    Attorney General of the District of Columbia<br>    c/o Designated Representative<br>    Office of the Attorney General for D.C.<br>    441 Fourth Street, N.W.<br>    Washington, DC 20001 | ) ) ) ) ) ) | |

## COMPLAINT

**COMES NOW** the Plaintiff Vikki T. Mitchell, by and through her undersigned counsel,

and sues Defendant District of Columbia for the cause of action stated as follows:

## INTRODUCTORY STATEMENT

1.      Plaintiff Vikki T. Mitchell ("Plaintiff" or "Ms. Mitchell") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*; District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01, *et seq.*; and 42 U.S.C. § 1981a, for relief from discrimination based on her gender and violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the District of Columbia Family and Medical Leave Act ("DCFMLA"), D.C. Code § 32-501 *et seq.*, during the course of her employment.

2.   Defendant District of Columbia ("Defendant") discriminated against Plaintiff during the course of her employment with the District of Columbia Youth Rehabilitation Services ("DYRS" or "the Agency").

## PARTIES

3.      Plaintiff Vikki T. Mitchell is currently domiciled at 3426 Dix Street, N.E., Washington, DC 20019, and is a United States citizen.  At all relevant times, Ms. Mitchell was an employee of DYRS.

4.      Defendant District of Columbia is a governmental organization and municipal corporation.  The District of Columbia Youth Rehabilitation Services is a subordinate agency of the District of Columbia government.  Defendant is headquartered at 441 Fourth Street, N.W., Washington, DC 20001.

5.      Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of its employment, under the theory of *Respondeat Superior*.

**JURISDICTION**

6.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* It further has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as it asserts claims that arise under the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq.* and the District of Columbia Family and Medical Leave Act, D.C. Code § 32-501 *et seq.*

7.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

**VENUE**

8.      Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of the Defendant, an Agency of the federal government that operates within the District of Columbia, and occurred in the District of Columbia.  28 U.S.C. § 1391.  Venue is further proper in this district because there is no other district in which this action may otherwise be brought.  *Id.*

9.      Venue is further appropriate because a substantial part of the events or omissions giving rise to this Complaint occurred within the offices of the DYRS, which is headquartered in the District of Columbia.

**EXHAUSTION OF REMEDIES**

10.      Plaintiff has exhausted all of her administrative remedies.

11.      In October 2014, Plaintiff timely contacted the EEOC and filed a Charge of Discrimination with the alleging discrimination on the basis of her gender and violations of her

rights under the FMLA and DCFMLA.  Plaintiff's Charge of Discrimination was also cross-filed with the DCOHR.

12.     Plaintiff timely files this action in accordance with the EEOC's Dismissal and Notice of Rights, dated May 14, 2015, which provided Plaintiff the right to file this Complaint within 90 days of receipt of the Notice.

## FACTS

13.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

14.     Prior to her termination 2014, Ms. Mitchell had been employed by DYRS as a Correctional Officer, which later reclassified as a Youth Development Representative ("YDR"), for approximately twelve (12) years.

15.     On or around January 10, 2013, Ms. Mitchell requested and was approved intermittent pre-approved leave under FMLA for her to take care of a family member with serious health conditions, was thus qualified for FMLA pre-approved leave.

16.     Despite her pre-approved FMLA and/or DCFMLA leave, Ms. Mitchell was placed AWOL on two occasions.

17.     The leave issues referenced accrued within the approved FMLA and DCFMLA approved time period (i.e., September 2013 to November 2013).

18.     The Agency did not credit Ms. Mitchell's leave requests as approved under the FMLA and/or DCFMLA as required by both the FMLA and DCFMLA statutes.

19.     On or about April 14, 2014, Ms. Mitchell was terminated from her position for alleged leave issues.

20.     Prior to her termination, DYRS and Ms. Mitchell's supervisors were aware that she is the primary caregiver for a family member who has a serious health condition, and that she had pre-approved FMLA and/or DCFMLA leave through December 2014.

21.     Several male employees were freely given leave when requested and not terminated.

22.     Several male employees who were regularly placed on AWOL were not terminated like Ms. Mitchell.

23.     Since Ms. Mitchell believes that the treatment she received was a violation of her Title VII and DCHRA rights and a violation of FMLA and/or DCFMLA rights, Ms. Mitchell sought relief by complaining internally as well as submitting a Charge with the EEOC and DCOHR.

24.     Ms. Mitchell now timely files this Complaint for relief from the discriminatory and illegal treatment that she experienced as a result of the Agency's misconduct.

## CAUSES OF ACTION

### COUNT ONE
**(Violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and District of Columbia Family and Medical Leave Act, D.C. Code § 32-501 *et seq.*)**

25.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

26.     Defendant qualifies as an "employer" as that term is defined in the Family and Medical Leave Act, 29 U.S.C. § 2611(4), and the District of Columbia Family and Medical Leave Act, D.C. Code § 32-501(2).

27.     Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2), and the District of Columbia Family and Medical Leave Act, D.C. Code § 32-501(1).

28.     At the time of Plaintiff's request for FMLA and/or DCFMLA pre-approved leave, and her actual use of such leave herein, Plaintiff had been employed by Defendant for at least twelve (12) months.

29.     Further, Plaintiff had worked at least 1,250 hours for Defendant during the twelve (12) months prior to her request of FMLA and/or DCFMLA pre-approved leave and her actual used of leave.

30.     Plaintiff requested FMLA and/or DCFMLA pre-approved leave to take care of a family member with a serious health condition under 29 U.S.C. § 2611(7) and D.C. Code § 32-501(4).

31.     Plaintiff had an "entitlement to leave" under the FMLA and DCFMLA, and the Defendant denied her entitlement to leave as prescribed by the FMLA and DCFMLA.

32.     Plaintiff was entitled to request and receive leave pursuant to FMLA and DCFMLA and Defendant was not permitted to interfere with Plaintiff's exercise of her rights under FMLA or DCFMLA.

33.     Defendant interfered with Plaintiff's rights and retaliated against her by terminating her employment, placing her as AWOL, and denying her leave because Plaintiff had requested and used pre-approved FMLA and/or DCFMLA leave.

34.     Defendant did not act in good faith as to any FMLA or DCFMLA violations alleged herein.

35.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

36.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

37.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

    a. Award compensatory damages;

    b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

    c. Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

    d. Award reasonable attorney fees, costs, and expenses incurred for this action;

    e. Order Defendant to institute a policy and procedure to be implemented against discrimination;

    f. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    g. Supervisory training for the supervisors at issue herein;

    h. Award equitable, declaratory, and injunctive relief; and

i.   Award such other and further relief as this Honorable Court deems just and proper.

## COUNT TWO
**(Discrimination on the Basis of Gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq*.)**

38.   Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

39.   As a female, Plaintiff is a member of a protected class (female).

40.   Because of her gender (female), Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including being terminated and denied leave, under Title VII and the DCHRA.

41.   Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment since she had a significant change in her duties and responsibilities.

42.   Defendant knew that Plaintiff is a female prior to subjecting Plaintiff to the aforementioned material adverse employment actions and was aware of the discrimination Plaintiff was subjected because of her gender (female).

43.   Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her gender (female).

44.   Defendant has limited, segregated and classified Plaintiff in a way that deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her gender (female).

45.     As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

46.     Similarly situated male employees have not been terminated, for having the same or similar leave issues.

47.     Plaintiff's gender was a determining factor in Defendant's unlawful conduct toward Plaintiff.

48.     Plaintiff's gender was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

49.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

50.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her gender (female).

51.     Defendant discriminated against Plaintiff because of her gender (female) by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

52.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

53.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

54.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.  Award compensatory damages;

b.  Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c.  Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.  Award reasonable attorney fees, costs, and expenses incurred for this action;

e.  Order Defendant to institute a policy and procedure to be implemented against discrimination;

f.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.  Supervisory training for the supervisors at issue herein;

h.  Award equitable, declaratory, and injunctive relief; and

i.  Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

55.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

56.     Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.   Order the Defendant to institute a policy and procedure to be implemented against discrimination;

b.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

c.   Supervisory training for the supervisors at issue herein; and

d.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

57.     Plaintiff demands a trial by jury on all issues set forth herein.

Respectfully submitted,

By:   *donna williams rucker /rsc*

DONNA WILLIAMS RUCKER
   (D.C. Bar No. 446713)
MACKENZIE B. COY
   (D.C. Bar No. 1004847)
RUCKER & ASSOCIATES, P.C.
888 Sixteenth Street, N.W., Suite 800
Washington, DC 20006
Office: (202) 349-9830
Facsimile: (202) 355-1399
Email: drucker@ruckerlawpc.com
         mcoy@ruckerlawpc.com

August 12, 2015                              Counsel for Plaintiff